NOT FOR PUBLICATION (Docket No. 7)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

```
_____
                               :
ON-TIME STAFFING, LLC,         :
                               :
          Plaintiff,           :    Civil No. 06-3951 (RBK)
                               :
     v.                        :
                               :
FLEXIBLE STAFFING              :
SOLUTIONS, INC.                :
                               :
          Defendant.           :
_____:
```

## O P I N I O N

**KUGLER**, United States District Judge:

Before the Court is a motion by Defendant Flexible Staffing Solutions, Inc. (d/b/a One Source Staffing Solutions) to dismiss Plaintiff On-Time Staffing, LLC's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or in the alternative, to dismiss for lack of proper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative to transfer the case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the Court denies Defendant's motion to dismiss for lack of personal jurisdiction; denies Defendant's motion to dismiss for improper venue; and denies Defendant's motion to

transfer.

**I.      Background**

Plaintiff On-Time Staffing, LLC ("Plaintiff") is a New Jersey corporation with its principal place of business in Pennsauken, New Jersey. Plaintiff provides contract labor service to major corporations nationwide.  Plaintiff entered into a contract with Caterpillar International, located in Peoria, Illinois, which provided that Plaintiff would receive the opportunity to contract directly with Caterpillar's various manufacturing locations throughout the United States to supply contract labor.  In December 2004, Caterpillar contracted with Plaintiff to provide contract labor for one of Caterpillar's subsidiaries in Gouldsboro, Pennsylvania.  Plaintiff then subcontracted with Flexible Staffing Solutions, Inc. ("Defendant") to provide the staffing personnel to the Caterpillar subsidiary. Defendant is a Pennsylvania corporation with its principal place of business in Tannersville, Pennsylvania.

While negotiating the subcontract with Defendant, Plaintiff did not disclose the identity of the client.  Plaintiff alleges this was to prevent Defendant from contracting with the client directly.  When Plaintiff and Defendant executed the subcontract agreement, Defendant learned the identity of the client.

Plaintiff alleges that on December 17, 2004, Defendant notified Plaintiff that Defendant could not fulfill the terms of the contract because Defendant could not obtain the requisite insurance.  In the complaint, Plaintiff alleges this was an intentional misrepresentation.  Plaintiff further alleges that Defendant never terminated the contract in any way.

On or about July 7, 2006, Plaintiff alleges that it learned Defendant negotiated and executed a contract directly with the client to provide the necessary labor.  Plaintiff further alleges that Defendant used proprietary information obtained during contract negotiations between Plaintiff and Defendant to attain this contract.  Finally, Plaintiff alleges that on the same day, Plaintiff's Vice-President of Business Development confronted Defendant's President about Defendant's "improper conduct" via telephone.  Plaintiff alleges that Defendant admitted that Defendant circumvented Plaintiff and violated the non-compete clause of their subcontract.

On August 21, 2006, Plaintiff filed a complaint in the United States District Court for the District of New Jersey, alleging that Defendant breached the subcontract agreement.  Moreover, Plaintiff alleges that Defendant intentionally interfered with contractual relations between Caterpillar and Plaintiff.  Plaintiff seeks compensatory and punitive damages.

On October 27, 2006, Defendant moved to dismiss

Plaintiff's complaint for lack of personal jurisdiction, alleging that Defendant lacks the requisite "minimum contacts" with New Jersey for this Court to exercise personal jurisdiction. In the alternative, Defendant argues that venue is improper, and that the Court should either dismiss the case for improper venue, or transfer the case to the Middle District of Pennsylvania.

**II.      Personal Jurisdiction**

According to the Complaint, Plaintiff is a citizen of New Jersey and Defendant is a citizen of Pennsylvania. In its brief opposing this motion, Plaintiff asserts that this Court has jurisdiction over Defendant because Defendant "purposefully directed" its activities toward the state of New Jersey by way of entering a contract with Plaintiff, a New Jersey corporation. Defendant argues that this level of contact is insufficient. Moreover, Defendant asserts that even if the Court finds that Defendant has the requisite minimum contacts with New Jersey, this Court's exercise of personal jurisdiction over Defendant would not comport with "fair play and substantial justice."

Once a defendant raises the defense of lack of personal jurisdiction, the burden shifts to the plaintiff to prove by a preponderance of evidence facts sufficient to establish personal jurisdiction. <u>Carteret Savings Bank F.A. v. Shushan</u>, 954 F.2d 141, 146 (3d Cir. 1992). To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a

4

two-step inquiry. First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction. Second, the court must apply the principles of due process. Imo Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process, and so New Jersey courts look to federal law for the interpretation of the limits on personal jurisdiction. Id.

Personal jurisdiction under the Due Process Clause depends on the "relationship among the defendant, the forum, and the litigation." Imo Indus., 155 F.3d at 259. Physical presence within the forum is not required; instead, the plaintiff must show that the defendant purposefully directed its activities toward the residents of the forum state, or otherwise "purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985), and Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

Personal jurisdiction can be either in the form of "specific jurisdiction" or "general jurisdiction." If the plaintiff's cause of action relates to or arises out of the defendant's contacts with the forum, the court is said to

5

exercise "specific jurisdiction." Imo Indus., 155 F.3d at 259. If the plaintiff's claim does not arise out of the defendant's contacts with the forum, the court is said to exercise "general jurisdiction"; under general jurisdiction, the contacts must be shown to be "continuous and systematic." Id. at 259 n.2.

### A. Specific Jurisdiction

For a court to properly exercise specific jurisdiction under the Due Process Clause, a plaintiff must satisfy a two-part test. First, a plaintiff must show that the defendant has constitutionally sufficient "minimum contacts" with the forum. Second, the court must determine in its discretion that to extend jurisdiction "would comport with 'traditional notions of fair play and substantial justice.'" Imo Indus., 155 F.3d at 259 (citing Burger King Corp., 471 U.S. at 474, and Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)).

#### 1. Minimum Contacts

Plaintiff asserts that Defendant "purposefully directed" its activities toward the forum state by negotiating, entering into, and breaching a contract with Plaintiff, a New Jersey corporate citizen. Specifically, Plaintiff alleges that Defendant reached out to Pennsylvania through phone calls, e-mails and faxes and created "continuing, contractual obligations with a citizen of New Jersey."

Case law in the Third Circuit Court of Appeals dictates

6

that in deciding whether to exercise jurisdiction over a breach of contract claim, a district court must consider "the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." Remick v. Manfredy, 238 F.3d 248, 256 (3d Cir. 2001). In Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147 (3d Cir. 1996), the Third Circuit stated, "informational communications in furtherance of [a contract between a resident and a nonresident] does [sic] not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant]." Id. at 152. However, the Vetrotex court described other cases where personal jurisdiction could arise "from a nonresident defendant's contract with a forum resident." Remick, 238 F.3d at 256. Specifically, the Vetrotex court distinguished cases in which "the defendant solicited the contract or initiated the business relationship leading up to the contract . . . [or] a case where the defendant sent any payments to the plaintiff in the forum state, or where the defendant engaged in extensive post-sale contacts with the plaintiff in the forum state." Vetrotex, 238 F.3d at 152-53.

   Accordingly, the Third Circuit found that a district court properly exercised personal jurisdiction over a nonresident defendant in a contract claim where the nonresident defendant

7

contracted with a forum resident in Remick v. Manfredy. 238 F.3d at 256. In Remick, the nonresident defendant "sought . . . out [the contract] by placing a telephone call to [the plaintiff's office in the forum state, which] . . . eventually resulted in the fee agreement between [the parties], which the [nonresident defendant] signed and returned to [the forum state]." Id. In addition, the Third Circuit found that there were "repeated informational communications during the course of the contractual relationship between [the parties in Remick] with [the forum plaintiff at his office in the forum state], including the final communication," which was the defendant's termination letter. Id. (citing Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 482 (3d Cir.1993) ("Mail and telephone communications sent by the defendant into the forum may count toward the minimum contacts that support jurisdiction.")).

Moreover, in Mellon Bank (East) PSFS v. Farino, 960 F.2d 1217 (3d Cir. 1992), the Third Circuit "upheld jurisdiction over out-of-state defendants who . . . approached a [bank in the forum state] seeking to borrow money." Remick, 238 F.3d at 257. The Third Circuit quoted the Supreme Court's decision in Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985), "where the Court commented that jurisdiction is proper where parties 'reach out beyond one state and create continuing relationships and obligations with citizens of another state.'" Farino, 960 F.2d at

1222 (quoting Burger King Corp., 471 U.S. at 473). The Farino court stated that, like the defendant in Burger King, the Farino defendant approached the plaintiff bank and "establish[ed] a business relationship with a[n] entity" in the forum state and "knowingly created continuing obligations with a citizen of [the forum state]." Farino, 960 F.2d at 1223. The Third Circuit further stated in Farino, "When a defendant . . . received the benefits and protections of the forum's laws by engaging in business activities with a forum resident, the courts . . . 'consistently reject[] the notion that an absence of physical contacts can defeat personal jurisdiction there.'" Id. at 1225 (quoting Burger King Corp., 471 U.S. at 476); see also Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 65-66 (3d Cir. 1984) ("What is required . . . is actual evidence that, by entering into the contract, the particular defendant could foresee impact within [the forum state].").

   Finally, the Third Circuit found personal jurisdiction over a contract claim between a nonresident defendant and a forum resident where the contract was of a long term, ongoing nature, rather than a one-time occurrence or single transaction. See Assoc. Bus. Tel. Sys. v. Greater Capital Corp., 861 F.2d 793 (3d Cir. 1988) (finding a district court's exercise of personal jurisdiction over a nonresident defendant proper where the nonresident defendant entered into a ten-year contract with a

forum resident, which "created continuing obligations" between the parties").

Given the totality of the circumstances in the instant case, this Court finds that Defendant has sufficient minimum contacts with New Jersey to meet the first prong of the test for personal jurisdiction. Specifically, Plaintiff offers evidence to show that, like the nonresident defendant in Remick, Defendant reached out to the forum Plaintiff via e-mail to facilitate the negotiation of the subcontract agreement. (Schoeffler Decl. Ex. A.) Importantly, this initial e-mail includes the postal address to whom Defendant addressed the correspondence, which was John Falvo, the Human Resources Manager in the On-Time office in Pennsauken, New Jersey. (Id.(emphasis added).) Therefore, from the outset, Defendant knew it negotiated with an entity located in New Jersey. The Court notes that upon executing the contract, Defendant faxed a copy, at Plaintiff's request, to a Philadelphia, Pennsylvania phone number. (Id. at Ex. B.) However, Plaintiff also requested that Defendant "overnight the original [copy of the subcontract] to our office [located in] Pennsauken, New Jersey," which Defendant did, like the nonresident defendant in Remick. (Id. (emphasis added).). In addition, the subcontract itself states, in the first paragraph, that it is "by and between On Time Staffing, LLC, a New Jersey Corporation." (Id. at Ex. C (emphasis added).)

10

Defendant's argument that its only contact with New Jersey was correspondence or phone calls to Plaintiff in New Jersey is unavailing.  Defendant cites Vetrotex, without discussing the exceptions the Third Circuit detailed in that decision which narrowed its scope.  Moreover, Defendant cites a series of unpublished and/or merely persuasive case law which is not binding on this Court.

### 2. Fair Play and Substantial Justice

Once a plaintiff establishes the "minimum contacts" prong of the inquiry, a court may exercise personal jurisdiction over a defendant so long as the exercise of that jurisdiction "comport[s] with fair play and substantial justice." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004) (internal quotations and citations omitted). "To defeat jurisdiction based on this fairness inquiry, a defendant must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" Id. "The Supreme Court indicated that lower courts addressing the fairness question may consider the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." Id. (internal quotations omitted). Only in "rare cases [do the] minimum requirements inherent in the

concept of fair play and substantial justice . . . defeat the reasonableness of jurisdiction even [though] the defendant . . . purposefully engaged in forum activities." Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano County, 480 U.S. 102, 116 (1987) (internal quotation marks omitted).

Defendant failed to establish a "compelling" reason why jurisdiction in New Jersey would "offend traditional notions of fair play and substantial justice."  Defendant refers only to the fact that performance of the subcontract would take place in Pennsylvania and that the alleged breach and tortious interference of the prime contract allegedly occurred in Pennsylvania.  These arguments are inapposite, as they do not address the burden on the defendant, Pennsylvania's interest in adjudicating this dispute, or attaining the most efficient resolution of this dispute.  Rather, these arguments seem to rehash Defendant's minimum contacts arguments.  In addition, given that Defendant knowingly reached out to Plaintiff, a New Jersey corporation for the purpose of negotiating a contract, and corresponded with staff in Plaintiff's New Jersey office, it seems that Defendant could foresee the possibility of being haled into a New Jersey court.[1]

---

[1] The Court is aware that the terms of the subcontract agreement indicate that Pennsylvania law governs the "interpretation and all work performed" under the subcontract. However, given that Defendant clearly had notice that Plaintiff was a New Jersey corporation, the clause appointing Pennsylvania

Therefore, the Court finds that exercising personal jurisdiction over Defendant in New Jersey does not offend traditional notions of fair play and substantial justice. As a result, the second prong of the personal jurisdiction is met, and Defendant's motion to dismiss based on lack of personal jurisdiction is denied.[2]

### III.    Venue

In a civil action in federal court based on diversity jurisdiction, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). The venue statute requires that a "substantial part" of the events occurred in the District to establish venue. Park Inn Intern., L.L.C. v. Mody Enter., Inc., 105 F. Supp. 2d 370, 376 (D.N.J. 2000). The statute does not require that a majority of the events took place in the District, nor that the challenged forum be the best venue. Id. (citing Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994)). "The 'substantial part of the events' standard 'is intended to preserve the element of fairness

---

law as governing the contract does not overcome Defendant's likely realization of at least the possibility of defending a lawsuit in New Jersey.

[2]    Plaintiff also argues that this Court has general jurisdiction over Defendant. Because the Court concludes that this Court has specific jurisdiction over Defendant, the Court does not reach the question of general jurisdiction.

so that a defendant is not haled into a remote district having no real relationship to the dispute.'" Id. (citing Cottman, 36 F.3d at 294). The defendant bears the burden of showing improper venue on a motion to dismiss. Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982).

The Court concludes that venue is proper in the District of New Jersey because a "substantial part" of the events giving rise to the claim occurred in this District. Plaintiff drafted the subcontract in New Jersey. The parties negotiated, via e-mail and fax, the terms of the subcontract in this District. Moreover, Defendant sent the original copy of the partially executed subcontract to Plaintiff's office in New Jersey. Defendant also called Plaintiff's New Jersey office to terminate this subcontract, alleging inadequate insurance coverage. In addition, the Court addressed the issue the fairness of litigating in the District of New Jersey in its personal jurisdiction analysis. Therefore, the Court concludes that venue is proper in this District, and denies Defendant's motion to dismiss for improper venue.

**IV.     Transfer**

Section 1404(a) of the United States Code provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

14

brought." 28 U.S.C. 1404(a). The burden of establishing the need for a transfer of venue rests with the moving party. <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995). When deciding a motion to transfer venue, a district court should remember that "the plaintiff's choice of venue should not be lightly disturbed." <u>Id.</u>

The decision whether to transfer a case lies within the broad discretion of the district court. It requires the court to make a "flexible and individualized analysis," and to "weigh in the balance a number of case-specific factors" to determine whether the proposed transferee district would be a more convenient forum for the litigation. <u>See</u> <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988). The statute enumerates three factors a district court should consider when deciding a motion to transfer under 1404(a), including (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a).  The Supreme Court enumerated additional factors for a district court to consider, which are grouped into two broad categories: private interest factors and public interest factors. <u>Mendoza v. U.S. Custom and Border Prot.</u>, No. 05-6017, 2007 WL 842011, at *3 (D.N.J. Mar. 19, 2007) (citing <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501 (1947)).

> The private interest factors incorporate the preferences of the parties in the context of the litigation, and include (1) the choice of forum of the plaintiff; (2) the defendant's preference; (3) the ease of access to sources

> of proof; (4) the convenience of the witnesses-only to the extent that a witness may actually be unavailable for trial in one of the fora; and (4) where the claim arose. The second category analyzes the public interest including (1) practical considerations which could make the litigation easier and more expeditious, or inexpensive; (2) court congestion and administrative difficulties; (3) the local interest in resolving local controversies at home; and (4) the public policies of the fora.

Mendoza, 2007 WL 842011, at *3 (citing Jumara, 55 F.3d at 879).

Transferring this case to the Middle District of Pennsylvania does little to satisfy the enumerated factors. Plaintiff is a citizen of the District of New Jersey, and therefore Plaintiff's witnesses and additional evidence are likely located in this District. Although Defendant is located in the Middle District of Pennsylvania, and the alleged misconduct that gave rise to Plaintiff's claims arose in the Middle District of Pennsylvania, the Middle District of Pennsylvania is not geographically distant from the District of New Jersey. Therefore, the Court affords little weight to the convenience of the parties and witnesses. In addition, this Court is capable of applying Pennsylvania law, which both parties agreed would govern the interpretation of the subcontract.

Therefore, the Court finds that, after weighing all the enumerated factors, this case will remain in the District of New Jersey. Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is denied.

**V.     Conclusion**

For the foregoing reasons, the Court denies Defendant's motion to dismiss for lack of personal jurisdiction, and denies Defendant's motion to dismiss for improper venue.  The Court also denies Defendant's motion to transfer this case to the Middle District of Pennsylvania.


Dated: 4/25/2007					s/Robert B. Kugler
							ROBERT B. KUGLER
							United States District Judge